**CT Corporation**

# Service of Process Transmittal

12/26/2014

CT Log Number 526301848

**TO:** Kim Lundy Service of Process, Legal Support Supervisor
Wal-Mart Stores, Inc.
702 SW 8th St MS 215
Bentonville, AR 72716-6299

**RE:** **Process Served in Kentucky**

**FOR:** Wal-Mart Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stanley Jennifer, Pltf. vs. Wal-Mart Stores, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Interrogatories and Requests, Certificate of Service, Complaint |
| **COURT/AGENCY:** | Pike County Circuit Court, KY<br>Case # 14CI01348 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On or about July 3, 2014, Plaintiff sustained severe and permanent injuries when she was caused to fall on the premises known as the Pikeville Wal-Mart Supercenter located in Pike County, Kentucky |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/26/2014 postmarked on 12/19/2014 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Glenn Martin Hammond<br>Glenn Martin Hammond Law Office<br>685 Hambley Boulevard<br>Suite Three<br>Pikeville, KY 41502<br>606-437-7777 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/26/2014, Expected Purge Date: 12/31/2014<br>Image SOP<br>Email Notification, Candiss Golaszweski-CT East CLS-VerificationEast@wolterskluwer.com<br>Email Notification, Kim Lundy Service of Process ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>717-234-6004 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



ANNA PINSON SPEARS
CIRCUIT COURT CLERK
PIKE CIRCUIT & DISTRICT COURTS
PIKE COUNTY JUDICIAL CENTER
175 MAIN STREET, P.O. BOX 1002
PIKEVILLE, KENTUCKY 41502-1002



7014 1200 0001 3980 9052



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 41501   $ 011.95
02 1W
0001376016 DEC 19 201

Wal-Mart Stores, Inc.
Ct Corp System
306 W. Main St
Ste 512
Frankfort, KY 40601

Generated:   12/19/2014

| | | |
|---|---|---|
| **AOC-S-105   Sum Code: CI**<br>**Rev. 7-99**<br><br>**Commonwealth of Kentucky**<br>**Court of Justice**<br>**CR 4.02; Cr Official Form 1** | <br>**Civil Summons** | Case Number **14-CI-01348**<br><br>Court  CI<br><br>County  PIKE |

*Plantiff,* STANLEY, JENNIFER   VS. WAL-MART STORES, INC,, *Defendant*

> WAL-MART STORES, INC,
> CT CORP SYSTEM
> 306 WEST MAIN ST SUITE 512
> FRANKFORT                    KY       40601

**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf  within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, ANNA PINSON SPEARS

By _____ , DC

Date: 12/19/2014

| |
|---|
| **Proof of Service** |
| [  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)<br> To: _____ |
| [  ] Not Served because: _____ |
| Date: _____, 2_____          _____<br>                                                                        Served by |

CI    14-CI-01348

STANLEY, JENNIFER  VS. WAL-MART STORES, INC,

**COMMONWEALTH OF KENTUCKY**
**PIKE CIRCUIT COURT**
**DIVISION II**
**CIVIL ACTION NO. 14-CI- 01348**



FILED
ANNA PINSON SPEARS
DEC 19 2014
PIKE CIRCUIT/DISTRICT COURT
BY:                    D.C.

**JENNIFER STANLEY**                                                                 **PLAINTIFF**

**v.**

**WAL-MART STORES, INC.**                                                     **DEFENDANT**

---

## PLAINTIFF'S INTERROGATORIES AND
## REQUESTS FOR PRODUCTION OF
## DOCUMENTS TO DEFENDANT WAL-MART STORES, INC.

---

Comes the Plaintiff, Jennifer Stanley, by and through Counsel, and propounds the following Interrogatories and Requests for Production of Documents to the Defendant, Wal-Mart Stores, Inc., to be answered under oath and furnished within forty-five (45) days from the date of service hereof.  The documents requested are likewise to be provided to the undersigned attorney at his office for copying of legible copies before said forty-five (45) days, in accordance with the Kentucky Rules of Civil Procedure.

### INTERROGATORIES

**INTERROGATORY NO. 1:**          Identify the agent on behalf of the Defendant who is responsible for answering these Interrogatories.  As part of your answer, please provide your residence, your business address and your job title or position with the Defendant.

**INTERROGATORY NO. 2:**          Give the date, hour, and minute (if possible) that the alleged incident happened.

1

**INTERROGATORY NO. 3:**     Was the Defendant the owner of the premises when the alleged incident happened?

**INTERROGATORY NO. 4:**     Was the Defendant in control of the premises when the alleged incident happened?

**INTERROGATORY NO. 5:**     If your answer to Interrogatory Numbers 3 or 4 is in the affirmative, define the period of time in which the Defendant was the owner of the premises and the period of time in which the Defendant was in control of the premises.

**INTERROGATORY NO. 6:**     Identify each and every person known to you who witnessed the alleged incident, was in the vicinity of the alleged incident or was on the premises at the time of the alleged incident.  Please include the person's address and relationship, if any, to the Defendant.

**INTERROGATORY NO. 7:**     For each witness you have listed in your answer to Interrogatory Number Six, please state each witness's version of how the alleged incident occurred, providing in your response a complete chronology of events.

**INTERROGATORY NO. 8:**     If any one of the persons listed in Interrogatory Number Six is an agent or employee of the Defendant, please list (a) his/her position; (b) the period of time during which he/she held the position; (c) his/her job duties; (d) what he/she saw, heard or noticed regarding the alleged incident; and (e) his/her location in relation to the place of the alleged incident when it occurred.

**INTERROGATORY NO. 9:**     Describe in as much detail as possible each action or activity of the Plaintiff from the time you or any agent or employee of the Defendant first observed or noticed the Plaintiff on the premises up to, during and/or after the alleged incident.

2

**INTERROGATORY NO. 10:**       Did you or your agents or employees render any assistance or support of any kind to the Plaintiff after the alleged incident?  If so, please describe (a) what kind of assistance or help was rendered; (b) the name and address of each person rendering assistance; and (c) whether the person(s) rendering assistance had any special medical or emergency response skills training.

**INTERROGATORY NO. 11:**       Give a detailed account of the Plaintiff's appearance prior to the alleged incident, describing her (a) physical condition; (b) her apparent emotional or mental condition; (c) her clothing; and (d) any unusual actions or mannerisms she may have exhibited.

**INTERROGATORY NO. 12:**       Give a detailed account of the Plaintiff's appearance immediately following the alleged incident, describing her (a) physical condition, including any apparent signs of injury (e.g., bleeding, bruises, cuts, abrasions); (b) her apparent emotional or mental condition (e.g., whether she was crying, screaming, complaining of pain, requesting help); and (c) the appearance of her clothing (e.g., torn, dirty, disheveled, neat).

**INTERROGATORY NO. 13:**       Describe as fully as possible any statements related to the alleged incident, either oral or written, given to you or to any of the Defendant's agents or employees, by the Plaintiff or any witness, specifying (a) whether the statement was oral or written; (b) to whom it was given; (c) the name and address of the person to whom it was given; (d) the substance of the statement; and (e) its present custodian.

**INTERROGATORY NO. 14:**       Describe in as much detail as possible the actual place or location of the alleged incident, specifying (a) all identifying aspects of the place or location, including distances in feet to other fixed objects; (b) boundaries; (c) the general

condition of the place or location; and (d) whether the place or location was under the control of the Defendant or its agents or employees at the time of the alleged incident.

**INTERROGATORY NO. 15:** State all factors or events which you believe caused or contributed to the cause of the alleged incident.

**INTERROGATORY NO. 16:** Did any person, at any time, give you or any of your agents and/or employees any written or oral warnings, signals, notices or statements detailing any difficulty or trouble with the area of the premises in which the alleged incident occurred?

**INTERROGATORY NO. 17:** Please provide a copy of the cleaning log for the premises in which the alleged incident occurred.

**INTERROGATORY NO. 18:** Please provide a copy of any and all accident/incident reports in your possession regarding the alleged incident.

**INTERROGATORY NO. 19:** Please state whether or not any video recordings exist regarding the alleged incident.  If your answer is in the affirmative, please provide a copy of any such video recording.

**INTERROGATORY NO. 20:** Describe fully and completely all arrangements the Defendant, or any of its agents or employees, had for the care and maintenance of the premises at the time of the alleged incident.

**INTERROGATORY NO. 21:** State fully and completely whether the arrangement set forth in the preceding interrogatory conform to the usual arrangements made by the Defendant, or its agents or employees, for the care and maintenance of the premises.

**INTERROGATORY NO. 22:** At any time prior to the alleged incident, did you or any of the Defendant's agents or employees make any examination, inspection or test of the place or location where the alleged incident occurred?  If so, please provide (a) the date and time

said inspection was made; (b) the procedures used for making it; (c) the names and addresses of all persons involved; (d) the qualifications of all persons involved; (e) what it encompassed or included; (f) what it revealed; (g) whether any reports, either oral or written, were made as a result of it; (h) the contents of each report; and (i) if in written or recorded form, the present custodian of each report.

**INTERROGATORY NO. 23:**     List everything that you or any of the Defendant's agents or employees did to avoid the alleged incident.

**INTERROGATORY NO. 24:**     Describe the lighting and light conditions at the time of the alleged incident, specifying whether the lighting was natural, artificial or both.

**INTERROGATORY NO. 25:**     Give the substance of any and all conversations, and of any written or oral communications or statements, made by the Plaintiff to you, any of the Defendant's agents or employees or to the Defendant's insurance carrier, concerning the alleged incident.  In reference to the same, please describe (a) to whom the statement was given; (b) when it was given; (c) whether it is in written or oral form; and (d) if in written or recorded form, its present custodian.

**INTERROGATORY NO. 26:**     Did you, any of the Defendant's agents or employees, the Defendant's insurance carrier or the Defendant's legal representative ever take or receive any oral or written statement from any person who witnessed the alleged incident, or who has any information or knowledge about it?  If so, please specify (a) the nature of the statement; (b) the person who gave it; (c) the person who received it; (d) the person who took it; (e) its substance; (f) the date on which it was taken/received; and (g) if the statement is in written or recorded form, its present custodian.

**INTERROGATORY NO. 27:**      Please list the name, address, qualifications and area of expertise of each expert witness the Defendant intends to call at trial, summarize each opinion that will be given and specify the facts upon which each opinion is based.

**INTERROGATORY NO. 28:**      Does the Defendant contend that the Plaintiff, by any act or omission of her own, caused or contributed to the alleged incident?  If so, please explain in detail what facts lead the Defendant to draw this conclusion.

**INTERROGATORY NO. 29:**      Does the Defendant contend that the Plaintiff in any way assumed the risk of her injuries?  If so, please explain in detail what facts lead the Defendant to draw this conclusion.

**INTERROGATORY NO. 30:**      Please state what manner of training the Defendant's employees receive regarding safety precautions for the general public (e.g., training manual or videos concerning spills).  Also, please provide a copy of any such training material.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    Please provide a copy of any and all appropriate insurance policies through the Defendant may have coverage for the alleged incident.

**REQUEST NO. 2:**    Please produce a copy of any statements, which have been transcribed and/or handwritten by yourself or any of the Defendant's agents and/or employees, concerning any investigation which is being conducted concerning the alleged incident.

**REQUEST NO. 3:**    Please provide a copy of any photographs and/or video recordings you or the Defendant may have of the alleged incident or the area of the premises in which the alleged incident occurred.

**REQUEST NO. 4:**   Please provide a copy of any photographs and/or video recordings of the Plaintiff taken by the Defendant and/or any of the Defendant's representatives.

**REQUEST NO. 5:**   Please provide a copy of any and all expert reports which the Defendant intends to use in any fashion in this action.

**REQUEST NO. 6:**   Please provide a copy of any and all exhibits the Defendant intends to use at trial and/or in the discovery depositions taken in this action.

Respectfully submitted,

GLENN MARTIN HAMMOND
MATTHEW R. HALL
**Glenn Martin Hammond Law Office**
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, Kentucky 41502
Telephone:    (606) 437-7777
Facsimile:    (606) 437-1004
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed to the Pike Circuit Court Clerk, with a copy attached to the Complaint in this action for service on the following:

**WAL-MART STORES, INC.**

*Serve via Certified Mail to Registered Agent:*
**CT Corporation System**
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

This 19th day of December, 2014.

GLENN MARTIN HAMMOND
MATTHEW R. HALL
*Counsel for Plaintiff*

8



COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI- 01348

FILED
ANNA PINSON SPEARS
DEC 19 2014
PIKE CIRCUIT/DISTRICT COURT
BY: _____ D.C.

JENNIFER STANLEY                                                      PLAINTIFF

v.

WAL-MART STORES, INC.                                                DEFENDANT

*Serve via Certified Mail to Registered Agent:*
**CT Corporation System**
**306 West Main Street, Suite 512**
**Frankfort, Kentucky 40601**

---

## COMPLAINT

---

Comes the Plaintiff, Jennifer Stanley, by and through counsel, and for her Complaint states as follows:

1.     That the Plaintiff, Jennifer Stanley, presently and at all times relevant herein is a citizen and resident of Pike County, Kentucky, with an address of P.O. Box 4326, Pikeville, Kentucky 41502;

2.     That the Defendant, Wal-Mart Stores, Inc., presently and at all times relevant herein is a foreign corporation, authorized to do business in the Commonwealth of Kentucky, with the power to sue and be sued, whose agent for service of process is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601;

3.     That the incident giving rise to this action occurred on or about July 3, 2014, on the premises of the Pikeville Wal-Mart Supercenter, located in Pike County, Kentucky;

1

4.      That the Plaintiff's damages exceed the sum of Four Thousand Dollars ($4,000.00), the jurisdictional minimum for the Court herein;

5.      That jurisdiction and venue are proper in the Pike Circuit Court;

6.      That at all times herein, the Defendant owned, operated, managed and/or maintained the premises known as the Pikeville Wal-Mart Supercenter, located in Pike County, Kentucky;

7.      That at all times relevant herein, the Plaintiff was in the exercise of due care;

8.      That on or about July 3, 2014, the Plaintiff suffered severe and permanent injuries when she was caused to fall while lawfully on said premises;

9.      That the Plaintiff's injuries were directly and proximately caused by the negligence of the Defendant, in that the Defendant permitted and/or allowed said premises to become and remain defective and/or in an unreasonably defective condition without sufficient and/or adequate warning;

10.      That the Defendant negligently, grossly negligently and/or recklessly maintained said premises, or carelessly maintained said premises with conditions on the premises which greatly increased the risk that persons, including the Plaintiff, would fall;

11.      That the Defendant negligently and carelessly failed to warn the Plaintiff of the dangerous and defective conditions existing on said premises; and

12.      That as a direct and proximate result of the careless and/or negligent acts and/or omissions of the Defendant, the Plaintiff fell and suffered, and will continue to suffer severe and permanent physical injuries, pain and suffering and mental anguish.  She has incurred and will

continue to incur medical expenses and she has sustained a loss of her ability to enjoy life.

**WHEREUPON**, the Plaintiff respectfully demands the following:

1.    Trial by jury;

2.    Judgment against the Defendant sufficient to compensate her for her past, present and future medical expenses;

3.    Judgment against the Defendant sufficient to compensate her for her past, present and future pain and suffering and mental anguish;

4.    Judgment against the Defendant sufficient to compensate her for her loss of ability to enjoy to life;

5.    Pre- and post-judgment interest at the applicable rate;

6.    Her costs herein expended;

7.    Punitive damages sufficient to deter such conduct on the Defendant's part in the future; and

8.    Any and all other relief to which she may be entitled, either at law or in equity.


Respectfully submitted,

*(signature)*

**GLENN MARTIN HAMMOND**
**MATTHEW R. HALL**
**Glenn Martin Hammond Law Office**
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, Kentucky 41502
Telephone:    (606) 437-7777
Facsimile:    (606) 437-1004
*Counsel for Plaintiff*

3

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-_01348

FILED
ANNA PINSON SPEARS
DEC 19 2014
PIKE CIRCUIT/DISTRICT COURT
BY: _____ D.C.

JENNIFER STANLEY                                                    PLAINTIFF

v.

WAL-MART STORES, INC.                                              DEFENDANT

---

PLAINTIFF'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT WAL-MART STORES, INC.

---

Comes the Plaintiff, Jennifer Stanley, by and through Counsel, and propounds the following Interrogatories and Requests for Production of Documents to the Defendant, Wal-Mart Stores, Inc., to be answered under oath and furnished within forty-five (45) days from the date of service hereof. The documents requested are likewise to be provided to the undersigned attorney at his office for copying of legible copies before said forty-five (45) days, in accordance with the Kentucky Rules of Civil Procedure.

### INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify the agent on behalf of the Defendant who is responsible for answering these Interrogatories. As part of your answer, please provide your residence, your business address and your job title or position with the Defendant.

**INTERROGATORY NO. 2:**     Give the date, hour, and minute (if possible) that the alleged incident happened.

1

**INTERROGATORY NO. 3:**     Was the Defendant the owner of the premises when the alleged incident happened?

**INTERROGATORY NO. 4:**     Was the Defendant in control of the premises when the alleged incident happened?

**INTERROGATORY NO. 5:**     If your answer to Interrogatory Numbers 3 or 4 is in the affirmative, define the period of time in which the Defendant was the owner of the premises and the period of time in which the Defendant was in control of the premises.

**INTERROGATORY NO. 6:**     Identify each and every person known to you who witnessed the alleged incident, was in the vicinity of the alleged incident or was on the premises at the time of the alleged incident.  Please include the person's address and relationship, if any, to the Defendant.

**INTERROGATORY NO. 7:**     For each witness you have listed in your answer to Interrogatory Number Six, please state each witness's version of how the alleged incident occurred, providing in your response a complete chronology of events.

**INTERROGATORY NO. 8:**     If any one of the persons listed in Interrogatory Number Six is an agent or employee of the Defendant, please list (a) his/her position; (b) the period of time during which he/she held the position; (c) his/her job duties; (d) what he/she saw, heard or noticed regarding the alleged incident; and (e) his/her location in relation to the place of the alleged incident when it occurred.

**INTERROGATORY NO. 9:**     Describe in as much detail as possible each action or activity of the Plaintiff from the time you or any agent or employee of the Defendant first observed or noticed the Plaintiff on the premises up to, during and/or after the alleged incident.

2

**INTERROGATORY NO. 10:**     Did you or your agents or employees render any assistance or support of any kind to the Plaintiff after the alleged incident?  If so, please describe (a) what kind of assistance or help was rendered; (b) the name and address of each person rendering assistance; and (c) whether the person(s) rendering assistance had any special medical or emergency response skills training.

**INTERROGATORY NO. 11:**     Give a detailed account of the Plaintiff's appearance prior to the alleged incident, describing her (a) physical condition; (b) her apparent emotional or mental condition; (c) her clothing; and (d) any unusual actions or mannerisms she may have exhibited.

**INTERROGATORY NO. 12:**     Give a detailed account of the Plaintiff's appearance immediately following the alleged incident, describing her (a) physical condition, including any apparent signs of injury (e.g., bleeding, bruises, cuts, abrasions); (b) her apparent emotional or mental condition (e.g., whether she was crying, screaming, complaining of pain, requesting help); and (c) the appearance of her clothing (e.g., torn, dirty, disheveled, neat).

**INTERROGATORY NO. 13:**     Describe as fully as possible any statements related to the alleged incident, either oral or written, given to you or to any of the Defendant's agents or employees, by the Plaintiff or any witness, specifying (a) whether the statement was oral or written; (b) to whom it was given; (c) the name and address of the person to whom it was given; (d) the substance of the statement; and (e) its present custodian.

**INTERROGATORY NO. 14:**     Describe in as much detail as possible the actual place or location of the alleged incident, specifying (a) all identifying aspects of the place or location, including distances in feet to other fixed objects; (b) boundaries; (c) the general

3

condition of the place or location; and (d) whether the place or location was under the control of the Defendant or its agents or employees at the time of the alleged incident.

**INTERROGATORY NO. 15:** State all factors or events which you believe caused or contributed to the cause of the alleged incident.

**INTERROGATORY NO. 16:** Did any person, at any time, give you or any of your agents and/or employees any written or oral warnings, signals, notices or statements detailing any difficulty or trouble with the area of the premises in which the alleged incident occurred?

**INTERROGATORY NO. 17:** Please provide a copy of the cleaning log for the premises in which the alleged incident occurred.

**INTERROGATORY NO. 18:** Please provide a copy of any and all accident/incident reports in your possession regarding the alleged incident.

**INTERROGATORY NO. 19:** Please state whether or not any video recordings exist regarding the alleged incident.  If your answer is in the affirmative, please provide a copy of any such video recording.

**INTERROGATORY NO. 20:** Describe fully and completely all arrangements the Defendant, or any of its agents or employees, had for the care and maintenance of the premises at the time of the alleged incident.

**INTERROGATORY NO. 21:** State fully and completely whether the arrangement set forth in the preceding interrogatory conform to the usual arrangements made by the Defendant, or its agents or employees, for the care and maintenance of the premises.

**INTERROGATORY NO. 22:** At any time prior to the alleged incident, did you or any of the Defendant's agents or employees make any examination, inspection or test of the place or location where the alleged incident occurred?  If so, please provide (a) the date and time

said inspection was made; (b) the procedures used for making it; (c) the names and addresses of all persons involved; (d) the qualifications of all persons involved; (e) what it encompassed or included; (f) what it revealed; (g) whether any reports, either oral or written, were made as a result of it; (h) the contents of each report; and (i) if in written or recorded form, the present custodian of each report.

**INTERROGATORY NO. 23:**       List everything that you or any of the Defendant's agents or employees did to avoid the alleged incident.

**INTERROGATORY NO. 24:**       Describe the lighting and light conditions at the time of the alleged incident, specifying whether the lighting was natural, artificial or both.

**INTERROGATORY NO. 25:**       Give the substance of any and all conversations, and of any written or oral communications or statements, made by the Plaintiff to you, any of the Defendant's agents or employees or to the Defendant's insurance carrier, concerning the alleged incident.  In reference to the same, please describe (a) to whom the statement was given; (b) when it was given; (c) whether it is in written or oral form; and (d) if in written or recorded form, its present custodian.

**INTERROGATORY NO. 26:**       Did you, any of the Defendant's agents or employees, the Defendant's insurance carrier or the Defendant's legal representative ever take or receive any oral or written statement from any person who witnessed the alleged incident, or who has any information or knowledge about it?  If so, please specify (a) the nature of the statement; (b) the person who gave it; (c) the person who received it; (d) the person who took it; (e) its substance; (f) the date on which it was taken/received; and (g) if the statement is in written or recorded form, its present custodian.

5

**INTERROGATORY NO. 27:**     Please list the name, address, qualifications and area of expertise of each expert witness the Defendant intends to call at trial, summarize each opinion that will be given and specify the facts upon which each opinion is based.

**INTERROGATORY NO. 28:**     Does the Defendant contend that the Plaintiff, by any act or omission of her own, caused or contributed to the alleged incident?  If so, please explain in detail what facts lead the Defendant to draw this conclusion.

**INTERROGATORY NO. 29:**     Does the Defendant contend that the Plaintiff in any way assumed the risk of her injuries?  If so, please explain in detail what facts lead the Defendant to draw this conclusion.

**INTERROGATORY NO. 30:**     Please state what manner of training the Defendant's employees receive regarding safety precautions for the general public (e.g., training manual or videos concerning spills).  Also, please provide a copy of any such training material.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Please provide a copy of any and all appropriate insurance policies through the Defendant may have coverage for the alleged incident.

**REQUEST NO. 2:**   Please produce a copy of any statements, which have been transcribed and/or handwritten by yourself or any of the Defendant's agents and/or employees, concerning any investigation which is being conducted concerning the alleged incident.

**REQUEST NO. 3:**   Please provide a copy of any photographs and/or video recordings you or the Defendant may have of the alleged incident or the area of the premises in which the alleged incident occurred.

6

**REQUEST NO. 4:**   Please provide a copy of any photographs and/or video recordings of the Plaintiff taken by the Defendant and/or any of the Defendant's representatives.

**REQUEST NO. 5:**   Please provide a copy of any and all expert reports which the Defendant intends to use in any fashion in this action.

**REQUEST NO. 6:**   Please provide a copy of any and all exhibits the Defendant intends to use at trial and/or in the discovery depositions taken in this action.

Respectfully submitted,

GLENN MARTIN HAMMOND
MATTHEW R. HALL
**Glenn Martin Hammond Law Office**
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, Kentucky 41502
Telephone:   (606) 437-7777
Facsimile:   (606) 437-1004
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed to the Pike Circuit Court Clerk, with a copy attached to the Complaint in this action for service on the following:

**WAL-MART STORES, INC.**

*Serve via Certified Mail to Registered Agent:*
**CT Corporation System**
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

This _19th_ day of December, 2014.

GLENN MARTIN HAMMOND
MATTHEW R. HALL
*Counsel for Plaintiff*

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348



JENNIFER STANLEY                                                    PLAINTIFF

v.

WALMART STORES, INC.                                              DEFENDANT

## ANSWER OF DEFENDANT WAL-MART

Defendant, Walmart Stores, Inc. (hereinafter "Walmart"), by counsel, for its Answer to the Plaintiff's Complaint, hereby states as follows:

### FIRST DEFENSE

Subject to what discovery may reveal, the Complaint fails, in whole or in part, to state a claim upon which relief can be granted and should, therefore, be dismissed in its entirety with prejudice.

### SECOND DEFENSE

Subject to what discovery may reveal, Walmart states that at the time and on the occasion described in the Complaint, the Plaintiff was guilty of negligence or fault, which was a substantial factor in causing and bringing about the incident in controversy and alleged damages; and that but for the comparative negligence and fault on the part of the Plaintiff, the incident would not have occurred and damages, if any, would not have been sustained.  Walmart relies upon the negligence and fault of the Plaintiff as a partial and/or complete bar to any recovery herein and requests an apportionment instruction at the trial of this matter pursuant to KRS 411.182.

### THIRD DEFENSE

Walmart states that the incident in controversy and alleged damages, if any, may have been caused and brought about by and were the proximate result of a superseding and intervening negligent act, or negligent failure to act, on the part of someone other than Walmart and that but for this superseding and intervening cause, the incident and any alleged damages, if any, would not have been sustained. Walmart relies upon this superseding and intervening act as a partial and/or complete bar to any recovery herein.

### FOURTH DEFENSE

Walmart states that the Plaintiff may have failed to mitigate damages, if any, and relies upon this failure as a partial and/or complete bar to recovery herein.

### FIFTH DEFENSE

Walmart pleads any and all affirmative defenses set forth in Rules 8.03 and 12 of the Kentucky Rules of Civil Procedure as if set forth at length herein and specifically states that Plaintiff's claim may be barred by the statute of limitations and lack of jurisdiction and venue.

### SIXTH DEFENSE

Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any, were caused and brought about by and were the proximate result of a pre-existing condition, which condition existed prior to the date of the incident, and said pre-existing condition is either the proximate cause of the Plaintiff's injuries and damages or contributing cause of said injuries and damages; and but for said pre-existing condition, Plaintiff's injuries and damages would not and could not have occurred, or in the alternative, would not and could not have been as extensive as alleged in the Plaintiff's Cause of Action against Walmart herein.

2

Walmart hereby relies upon said negligence and/or fault of the Plaintiff as a complete bar to any recovery by the Plaintiff on the Complaint herein.

### SEVENTH DEFENSE

The Complaint demands relief, including prejudgment interest that is not recoverable under Kentucky law and Walmart raises this as an affirmative defense.

### EIGHTH DEFENSE

To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiff on account of events or injuries or damages alleged in the Complaint and who have not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS 411.188 and the Complaint is barred. Alternatively, Plaintiff is precluded from recovery of amounts which are the subject of subrogation rights. Moreover, to the extent such person or entity exists, Plaintiff is not the real party in interest to the extent of any such payment.

### NINTH DEFENSE

Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any occurred, were caused in whole or in part by the primary, active, superseding, intervening negligence and/or intentional acts of Plaintiff and/or third persons or entities other than Walmart for which Walmart has no liability, responsibility, direction or control and Plaintiff's claims are, therefore, barred or reduced in proportion to the fault attributable to persons or entities other than Walmart.

### TENTH DEFENSE

Walmart asserts the following affirmative defenses to plaintiff's claim for punitive damages:

a.      Plaintiff's Complaint fails to state a cause of action against Walmart for punitive damages;

b.      The claim of Plaintiff for punitive damages against Walmart cannot be sustained because an award of punitive damages under Kentucky law without proof of every element beyond a reasonable doubt would violate Walmart's due process rights under the Fourteenth Amendment of the United States Constitution and under Section 2 of the Kentucky Constitution;

c.      Alternatively, unless both Walmart's liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Walmart's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

d.      The claim of the Plaintiff for punitive damages against Walmart cannot be sustained because any award of punitive damages under Kentucky law without bifurcating the trial of all punitive damages issues would violate Walmart's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

e.      The claim of plaintiff for punitive damages against Walmart cannot be sustained because an award of punitive damages under Kentucky law subject to no pre-determined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury would impose would violate Walmart's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

4

f.      The claim of Plaintiff for punitive damages against Walmart cannot be sustained because an award of punitive damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award, and (5) is not subject to judicial review on the basis of objective standards, would violate Walmart's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution;

g.      The claim of Plaintiff for punitive damages against Walmart cannot be sustained because an award of punitive damages under Kentucky law for the purpose of compensating plaintiff for elements of damages not otherwise recognized by Kentucky law would violate Walmart's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution;

h.      The claim of Plaintiff for punitive damages against Walmart cannot be sustained because an award of punitive damages under Kentucky law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the right to confront adverse witnesses, a

5

speedy trial and the effective assistance of counsel, would violate Walmart's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and by Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution;

      i.     Any award of punitive damages based on anything other than Walmart's alleged conduct regarding the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment by Sections 2 and 13 of the Kentucky Constitution because any other judgment for punitive damages in this case cannot protect Walmart against impermissible multiple punishment for the same wrong;

      j.     Alternatively, Walmart relies on KRS 411.184, as modified by <u>Williams v. Wilson</u>, Ky., 972 S.W.2d 260 (1998), as a bar to Plaintiff's punitive damages claim.

<b><u>ELEVENTH DEFENSE</u></b>

Walmart reserves the right to supplement this Answer and plead any and all additional defenses and affirmative defenses that arise during the course of the litigation.

<b><u>TWELFTH DEFENSE</u></b>

In response to numerical paragraphs, Walmart states:

1.     Walmart is without sufficient information to admit or deny the allegations set forth in paragraphs 1, 3, 4, and 5 of Plaintiff's Complaint and therefore denies same.

2.     Walmart admits the allegations contained in numerical paragraph 2 of the Plaintiff's Complaint.

3.    Walmart denies the allegations set forth in numerical paragraph 6 of the Plaintiff's Complaint but admits that the subject premises was operated and maintained by Walmart Stores East, LP.

4.    Walmart denies the allegations set forth in paragraphs 7, 8, 9, 10, 11, and 12 of the Plaintiff's Complaint.

5.    Walmart denies any and all claims not expressly admitted.

WHEREFORE, Defendant, Walmart, demands as follows:

1.    Plaintiff's Complaint be dismissed with prejudice;

2.    Fault be apportioned pursuant to KRS 411.182;

3.    For its costs herein expended;

4.    Trial by jury on all issues so triable; and

5.    For any and all other relief to which it may be entitled.

Respectfully submitted,

Jennifer Kincaid Adams
Thomas E. Stevens
BLACKBURN DOMENE & BURCHETT
614 W. Main Street, #3000
Louisville, KY  40202
Phone:  502-584-1600
Fax:  502-584-9771
jadams@bdblawky.com
tstevens@bdblawky.com
*Counsel for Defendant*

7

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing was sent to the following

via regular U.S. Mail, postage pre-paid, on this the 6th day of January, 2015:

Glenn Martin Hammond
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY 41502
*Counsel for Plaintiff*

_____
*Counsel for Defendant*

8



COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

JENNIFER STANLEY                                          PLAINTIFF

v.

WALMART STORES, INC.                                     DEFENDANT

## NOTICE OF SERVICE

Defendant, Wal-Mart Stores, Inc., by and through counsel, hereby gives Notice of

Service of Defendant's First Set of Interrogatories and Request for Production of Documents

Propounded to Plaintiff by U.S. mail on January 6, 2015.

Respectfully submitted,

Jennifer Kincaid Adams
Thomas E. Stevens
BLACKBURN DOMENE & BURCHETT
614 W. Main Street, #3000
Louisville, KY  40202
Phone:  502-584-1600
Fax:  502-584-9771
jadams@bdblawky.com
tstevens@bdblawky.com
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing was sent to the following

via regular U.S. Mail, postage pre-paid, on this the 6th day of January, 2015:

Glenn Martin Hammond
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY  41502
*Counsel for Plaintiff*

*Counsel for Defendant*

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

TENDERED
JAN 23 2015
BY:_____D.C.

JENNIFER STANLEY                                                PLAINTIFF

ENTERED
ANNA PRISON SPEARS
JAN 23 2015
PIKE CIRCUIT/DISTRICT COURT
BY:_____D.C.

v.

WALMART STORES, INC.                                           DEFENDANT

## AGREED ORDER OF SUBSTITUTION

The parties have reached an agreement concerning the claims of the Plaintiff against Defendant, Wal-Mart Stores, Inc. and the Court having fully considered same;

IT IS HEREBY ORDERED AND ADJUDGED that Walmart Stores East, L.P. shall be substituted for Defendant, Wal-Mart Stores, Inc. as the Defendant in this matter.  All claims made against Wal-Mart Stores, Inc. in the Plaintiff's Complaint shall be deemed to have been made against Walmart Stores East, LP and all defenses contained in the Answer to the complaint on behalf of Wal-Mart Stores, Inc. shall be deemed to have been made by Walmart Stores East, LP.  All of Plaintiff's claims against Wal-Mart Stores, Inc. are hereby dismissed without prejudice.

Plaintiff's claims against Walmart Stores East, L.P. remain.

Entered this the 23rd day of Jan, 2015.

_____
JUDGE

HAVE SEEN AND AGREED TO:

_____

Jennifer Kincaid Adams
Thomas E. Stevens
BLACKBURN DOMENE & BURCHETT
614 W. Main Street, #3000
Louisville, KY  40202
Phone:  502-584-1600
Fax:  502-584-9771
jadams@bdblawky.com
tstevens@bdblawky.com
*Counsel for Defendant*


*Glen Hammond   (by JKA w/ permission   )*
Glenn Martin Hammond
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY  41502
*Counsel for Plaintiff*

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

FILED
ANNA PERSON SPEARS
MAR -4, 2015
PIKE CIRCUIT COURT
BY:

JENNIFER STANLEY                                                    PLAINTIFF

v.

WALMART STORES EAST, LP                                            DEFENDANT

## NOTICE OF SERVICE

Defendant, Wal-Mart Stores East, LP, by and through counsel, hereby gives Notice of Service of Defendant's First Set of Request for Admissions to Plaintiff by U.S. mail on March 2, 2015.

Respectfully submitted,

Jennifer Kincaid Adams
Thomas E. Stevens
BLACKBURN DOMENE & BURCHETT
614 W. Main Street, #3000
Louisville, KY 40202
Phone: 502-584-1600
Fax: 502-584-9771
jadams@bdblawky.com
tstevens@bdblawky.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to the following via regular U.S. Mail, postage pre-paid, on this the 2nd day of March, 2015:

Glenn Martin Hammond
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY 41502
*Counsel for Plaintiff*

*Counsel for Defendant*

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION NO.: II
CASE NO.  14-CI-01348

JENNIFER STANLEY                                                    PLAINTIFF

v.

WALMART STORES, INC.                                               DEFENDANT

---

### NOTICE OF SERVICE

Comes the Plaintiff, **Jennifer Stanley**, by and through counsel, and pursuant to Rule 5.06 of the Kentucky Rules of Civil Procedure, hereby gives notice that the Defendant, **Walmart Stores, Inc**. was served, by first class mail, with a copy of the Plaintiff's Response to Defendant's First Set of Interrogatories and Request for Production of Documents on the date hereinafter mentioned.

Respectfully submitted,

GLENN MARTIN HAMMOND
MATTHEW R. HALL
GLENN MARTIN HAMMOND LAW OFFICE
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, Kentucky 41502
Telephone:  (606) 437-7777
Facsimile:  (606) 437-1004
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that the original of the foregoing was delivered to the Pike Circuit Court Clerk, with a true and accurate copy mailed to the following:

**Hon. Jennifer Kincaid Adams**
**Hon. Thomas E. Stevens**
Blackburn Domene & Burchett
614 West Main Street, # 3000
Louisville, Kentucky 40202
*Counsel for Defendant*

This 6th day of March, 2015.

GLENN MARTIN HAMMOND
MATTHEW R. HALL
*Counsel for Plaintiff*

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

JENNIFER STANLEY                                                    PLAINTIFF

v.

WALMART STORES EAST, LP                                    DEFENDANT

### DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Wal-Mart Stores East, LP ("Walmart"), by counsel, for its Answers to Plaintiff's Interrogatories and Request for Production of Documents, states as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to the extent that Plaintiff's Interrogatories, including sub-parts, exceed the total number permitted by the Rules of Civil Procedure.

2.      The responses provided herein have been prepared after a due and diligent search conducted in connection with Plaintiff's discovery requests. In responding to Plaintiff's discovery requests, Defendant has conducted a search for data and documents in those areas where information of the type requested would be expected to be found, if it still exists, and has made reasonable inquiry of those employees who would be expected to be aware of the information sought. The documents provided are typical of documents responsive to the specific Interrogatory or Request for Production in which they are identified. If during this litigation, Defendant discovers documents which are responsive to these Interrogatories and

Requests for Production that have not been previously produced, then they shall be disclosed in compliance with the Kentucky Rules of Civil Procedure.

3.      Defendant objects to the use of the terms "any" and "all", and in particular their juxtaposition, as vague, overly broad and unduly burdensome.  All Interrogatories and Requests for Production propounded by Plaintiff which utilize the phrase "any" and "all" purport to call for a degree of detail that is beyond the realm of reason and is simply not required by the Rules of Civil Procedure.

4.      Where an interrogatory or request for production purports to call for a more comprehensive or expansive response than that given, Defendant objects to each such discovery request on the ground that it is impermissibly overbroad and is repetitive and not reasonably calculated to lead to the discovery of admissible non-cumulative evidence.

5.      Defendant objects to these discovery requests insofar as they seek information or documents relating to information other than, or circumstances dissimilar to the incident at issue.  In so doing, the Plaintiff is seeking information and documents that are not material or relevant to the issues in this matter and are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.  As such, the extraneous information and documents sought are beyond the scope of discovery.  Unless stated otherwise, the responses of Defendant are limited to those matters concerning the issue herein, and to circumstances similar to what Defendant understands to have occurred in the subject incident.

6. Defendant objects to and will not provide home addresses, social security numbers, and birthdates for its employees as this information is an unnecessary invasion of their privacy and not relevant to the issues at hand. Such a request is improper, overly broad, unduly burdensome and calls for information which is beyond the scope of permissible discovery under the Rules of Civil Procedure.

7. Defendant objects to these Interrogatories and Requests for Production to the extent that they purport to seek information about any other time period other than that of the subject incident.

8. Defendant incorporates each of these General Objections in all of the following answers and responses. To the extent that Defendant responds to any Interrogatory or Request for Production, it does not waive any General Objection, or any specific additional objection(s), and any answer or response is given subject to all such objections.

9. Defendant's production of any documents in response to this discovery is not a warranty that such documents are the only documents of such type it has ever had in its possession, and it objects to any suggestion that it is under any duty to produce any documents other than those in its possession at this time.

10. Many of Plaintiff's discovery requests are interrelated. Defendant's responses often contain certain specific cross-references to additional responses, each response should be considered responsive to the entire set of discovery.

For the purpose of these Responses, the following definitions shall apply:

**NOT RELEVANT:** Means that the information sought is unrelated to the issues raised by the pleadings and therefore cannot lead to the discovery of admissible evidence.

**BURDENSOME:** Means that the time and effort to obtain the requested information would place an inappropriate imposition on this Defendant far outweighing any value to Plaintiff and which would not be reasonably calculated to lead to the discovery of admissible evidence.

**OVERLY BROAD:** Means the request seeks information beyond the scope of discovery permitted by Civil Rule 26.

**OCCURRENCE:** Refers to the alleged accident involving the Plaintiff Jennifer Stanley as described in the Complaint.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the agent on behalf of the Defendant who is responsible for answering these interrogatories. As part of your answer please provide your residence, your business address, your job title or position with the Defendant.

**ANSWER:** These are the corporate responses of Defendant, which have been verified by an authorized agent of Defendant. The following individual has been designated as the authorized agent for purposes of this discovery even though others from Defendant, including undersigned counsel, may have assisted in preparing responses:

Scott McPeek
Store Manager
Walmart Store # 1505
254 Cassidy Blvd.

4

Pikeville, KY 41501

Scott McPeek is a current employee of Defendant and may be contacted only through counsel for Walmart.

**INTERROGATORY NO. 2:**   Give the date, hour, and minute (if possible) that the alleged accident/incident happened.

**ANSWER:**   The alleged incident occurred on July 3, 2014 at approximately 11:12 pm.

**INTERROGATORY NO. 3:**   Was the Defendant the owner of the premises when the alleged accident/incident happened?

**ANSWER:**   No, Defendant Walmart Stores East, LP leases the premises from Walmart Real Estate Business Trust.

**INTERROGATORY NO. 4:**   Was the Defendant in control of the premises when the alleged accident/incident happened?

**ANSWER:**   Yes.

**INTERROGATORY NO. 5:**   If your answer to Interrogatory Numbers 3 or 4 is in the affirmative, describe:  the period of time the Defendant was the owner of the premises; and the period of time the Defendant was in control of the premises.

**ANSWER:**   The Landlord, Walmart Real Estate Business Trust owns the premises. Walmart Stores East, LP entered into a Lease Agreement with Walmart Real Estate Business Trust on March 30th, 2009, with an effective date of February 1, 2007.

**INTERROGATORY NO. 6:**   Identify each and every person known to you who:  witnessed the accident/incident; was in the vicinity of the accident/incident; or was on the premises at the time of the accident/incident. Please include with each

5

name, the person's address and relationship, if any, to the Defendant.

**ANSWER:**   The following individuals did not witness the alleged incident but may

have knowledge of or were in the near vicinity at the time of the incident:

>Otis Rowe
>Maintenance Associate
>Walmart Store # 1505
>254 Cassidy Blvd.
>Pikeville, KY 41501
>
>Vickie Bartley
>Assistant Manager
>Walmart Store # 1505
>254 Cassidy Blvd.
>Pikeville, KY 41501
>
>Eric Adkins
>Asset Protection Manager
>Walmart Store # 1505
>254 Cassidy Blvd.
>Pikeville, KY 41501

**INTERROGATORY NO. 7:**   For each witness you have listed in your

answer to Interrogatory No. 6 above, please state each witnesses version of how the

alleged accident/incident happened, providing in the response a complete chronology

of events.

**ANSWER:**   The individuals identified in the answer to Interrogatory #6 did not

witness the alleged incident.

**INTERROGATORY NO. 8:**   If any one of the persons listed in Interrogatory

No. 6 is an agent or employee of the Defendant, list:

(a)    his/her position;

6

(b)     the period of time during which he/she held the position;

(c)     his/her duties;

(d)     the extent of what he/she saw, heard, or noticed regarding the accident/incident;

(e)     his/her location in relation to the place of the accident/incident; and the statements, either written or oral, given by him/her concerning the accident/incident, including to whom the statement was given, in what form it was given, and who is its present custodian.

**ANSWER:**

(a) Please see answer to Interrogatory No. 6.

(b)   Vickie Bartley has been an employee of Walmart since September 2000. Otis Rowe has been an employee of Walmart since March 2003.  Eric Adkins has been employee of Walmart since October 1996.

(c)  Please see answer to Interrogatory No. 6.

(d) and (e) Otis Rowe had walked through the area,  inspected the floor,  and was the first associate to respond to Plaintiff's alleged incident. He called the Code White.  Vickie Bartley responded to the Code White and completed the Incident Report. Eric Adkins pulled surveillance video of Plaintiff's incident.

**INTERROGATORY NO. 9:**      Describe in as much detail as possible each action or activity of the Plaintiff from the time you (or any agent or employee of the Defendant) first observed or noticed the Plaintiff on the premises until the accident/incident.

7

**ANSWER:**   Please see the surveillance video attached under **Tab 1**  marked *WM 0001*, which speaks for itself.

**INTERROGATORY NO. 10:**      Did you or your agents or employees render any assistance or support of any kind to the Plaintiff after the alleged incident? If so, please describe (a) what kind of assistance or help was rendered; (b) the name and address of each person rendering assistance; and (c) whether the person(s) rendering assistance had any special medical or emergency response skills training.

**ANSWER:**   Vickie Bartley responded to the alleged incident to assist Plaintiff.   No medical assistance or support was provided to Plaintiff because she did not request medical assistance or support from Walmart.

**INTERROGATORY NO. 11:**     Give   a   detailed   account   of   Plaintiff's appearance prior to the alleged incident, describing her (a) physical condition; (b) her apparent emotional or mental condition; (c) her clothing; and (d) any unusual actions or mannerisms she may have exhibited.

**ANSWER:**   Please see the surveillance video attached under **Tab 1**  marked *WM 0001*, which speaks for itself.

**INTERROGATORY NO. 12:**     Give   a   detailed   account   of   the   Plaintiff's appearance immediately following the alleged incident, describing her (a) physical condition, including any apparent signs of injury (e.g., bleeding, bruises, cuts, abrasions); (b) her  apparent emotional or mental condition (e.g., whether she was crying, screaming, complaining of pain, requesting help); and (c) the appearance of her clothing (e.g., torn, dirty, disheveled, neat).

**ANSWER:**  Please see the surveillance video attached under **Tab 1** marked *WM 0001*, which speaks for itself.

**INTERROGATORY NO. 13:**      Describe as fully as possible any statements related to the alleged incident, either oral or written, given to you or to any of the Defendant's agents or employees, by the Plaintiff for any witness, specifying (a) whether the statement was oral or written; (b) to whom it was given; (c) the name and address to whom it was given; (d) the substance of the statement; and (e) its present custodian.

**ANSWER:**   Please see Incident Report marked *WM 0002 - WM 0004* and Customer Witness Statement marked *WM 0005* and attached under **Tab 2 .**

**INTERROGATORY NO. 14:**      Describe in as much detail as possible the actual place or location of the alleged incident, specifying (a) all identifying aspects of the place or location, including distances in feet to other fixed objects; (b) boundaries; (c) the general condition of the place or location; and (d) whether the place or location was under the control of the Defendant or its agents or employees at the time of the alleged incident.

**ANSWER:**   Objection. This Interrogatory is overly broad, vague, and not reasonably limited in time and scope. Subject to and waiving said objection, please see surveillance video attached under **Tab 1** marked *WM 0001*.

**INTERROGATORY NO. 15:**      State all factors or events which you believe caused or contributed to the cause of the incident.

**ANSWER:**   Objection. This Interrogatory is overly broad, vague, and not reasonably limited in time and scope. Subject to and without waiving said objection, please see surveillance video attached under **Tab 1** marked *WM 0001*.

**INTERROGATORY NO. 16:**   Did any person, at any time, give you or any of your agents or employees, any written or oral warnings, signals, notices or statements detailing any difficulty or trouble with the area of the premises in which the alleged incident occurred.

**ANSWER:**   Objection. This Interrogatory is overly broad, not reasonably limited in time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objection, no.

**INTERROGATORY NO. 17:**   Please provide a copy of the cleaning log for the premises in which the alleged incident occurred.

**ANSWER:**   Defendant does not maintain a cleaning log.

**INTERROGATORY NO. 18:**   Please provide a copy of any and all accident/incident reports in your possession regarding the alleged incident.

**ANSWER:**   Please see Incident Report attached under **Tab 2** marked *WM 0002 – WM 0004*.

**INTERROGATORY NO. 19:**   Please state whether or not any video recordings exist regarding the alleged incident. If your answer is affirmative, please provide a copy of such video recording.

**ANSWER:**   Please see surveillance video attached under **Tab 1** marked *WM 0001*.

**INTERROGATORY NO. 20:**     Describe fully and completely all arrangements the Defendant, or any of its agents or employees, had for the care and maintenance of the premises at the time of the alleged incident.

**ANSWER:**   Defendant states that the premises are monitored and maintained at regular and reasonable intervals as a matter of course by all associates.

**INTERROGATORY NO. 21:**     State fully and completely whether the arrangement set forth in the preceding interrogatory conform to the usual arrangements made by the Defendant, or its agents or employees, for the care and maintenance of the premises.

**ANSWER:**   Please see answer to Interrogatory No. 20.

**INTERROGATORY NO. 22:**     At any time prior to the alleged incident, did you or any of the Defendant's agents or employees make any examination, inspection or test of the place or location where the alleged incident occurred? If so, please provide (a) the date and time said inspection was made; (b) the procedures used for making it; (c) the names and addresses of all persons involved; (d) the qualifications of all persons involved; (e) what it encompassed or included; (f) what it revealed; (g) whether any reports, either oral or written, were made as a result of it; (h) the contents of each report; and (i) if in written or recorded form, the present custodian of each report.

**ANSWER:**   On the day of the alleged incident, Maintenance Associate, Otis Rowe inspected the area at 11:08:45 p.m. by walking through the action alley and making physical observation.   No reports were made because the area where the incident occurred was clean and dry during his inspection.

11

**INTERROGATORY NO. 23:**   List everything that you or any of the Defendant's agents or employees did to avoid the alleged incident.

**ANSWER:**   Defendant states that the premises are monitored and maintained at regular and reasonable intervals by all associates for potential safety hazards.

**INTERROGATORY NO. 24:**   Describe the lighting and light conditions at the time of the alleged incident, specifying whether the lighting was natural, artificial or both.

**ANSWER:**   The interior lighting is fluorescent fixtures. Fixtures are 8' long and are mounted end to end on 12' centers approximately 17' – 22' from finished floor.  Each 8' fixture has 32W lamps.

**INTERROGATORY NO. 25:**   Give the substance of all conversations, and of any written or oral communications or statements, made by the Plaintiff to you, to any of your agents or employees, or to your insurance carrier, concerning the alleged accident/incident.  In reference to the same, describe (a) to whom the statement was given; (b) when it was given; (c) whether it is in written or oral form; and (d)     if    in written or recorded form, who is its present custodian.

**ANSWER:**   Please see Incident Report marked *WM 0002 - WM 0004* and Customer Statement  marked *WM 0005* and attached under **Tab 2**.

**INTERROGATORY NO. 26:**   Did you, any of your agents or employees, your insurance carrier, or your legal representative ever take or receive any oral or written statement from any person who witnessed the accident/incident, or who has any information or knowledge about it? If so, specify (a)     the     nature     of     the

12

statement; (b) the person giving the statement; (c)   the   person   receiving   the

statement; (d) the person taking the statement; (e) the substance of the statement; (f) the

date of the statement; and (g) if the statement is written or recorded form, who is its

present custodian.

**ANSWER:**   Please see Incident Report marked *WM 0002 - WM 0004* and Customer

Statement marked *WM 0005* and attached under **Tab 2**.

**INTERROGATORY NO. 27:**   Please list the name, address, qualifications

and area of expertise of each witness the Defendant intends to call at trial, summarize

each opinion that will be given and specify the facts upon which each opinion is based.

**ANSWER:**   Defendant has not yet made a determination with respect to experts

which it intends to call at the trial of this matter.  It will comply with the Rules of Civil

Procedure   and   any   applicable   Court   orders   regarding   expert   disclosure.

**INTERROGATORY NO. 28:**   Does the Defendant contend the Plaintiff, by

any act or omission of her own, caused or contributed to the alleged incident?  If so,

please explain in detail what facts lead the Defendant to draw this conclusion.

**ANSWER:**   Discovery in this case is in its infancy and it has not been determined

whether   Plaintiff may have failed to maintain her own safety and caused and/or

contributed to the incident. Walmart reserves the right to supplement its response as

additional information becomes available.

**INTERROGATORY NO. 29:**     Does the Defendant contend that the Plaintiff in any way assumed the risk of her injuries? If so, please explain in detail what facts lead the Defendant to draw this conclusion.

**ANSWER:**   Discovery in this case is in its infancy and no determination of Plaintiff's assumed risk has been made.  Walmart reserves the right to supplement its response as additional information becomes available.

**INTERROGATORY NO. 30:**     Please state what manner of training the Defendant's employees receive regarding safety precautions for the general public (e.g., training manual or videos concerning spills). Also, please provide a copy of any such training material.

**ANSWER:**   Copies of applicable Policies and Procedures, marked WM0006 - WM0324, will be provided upon entry of the Agreed Protective Order, attached under **Tab 3**.


## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Please provide a copy of any and all appropriate insurance policies through the Defendant may have coverage for the alleged incident.

**RESPONSE:** Walmart is self-insured in an amount sufficient to satisfy any judgment that may be rendered in this matter.

**REQUEST NO. 2:**   Please produce a copy of any statements, which have been transcribed and / or handwritten by yourself or any of the Defendant's agents and / or employees, concerning any investigation which is being conducted concerning the alleged incident.

**RESPONSE:** Objection. This interrogatory seeks information that is protected from disclosure under the attorney-client privilege and the work-product doctrine. Subject to and without waiving this objection or disclosing privileged or confidential documents, please see Incident Report marked *WM 0002 - WM 0004* and Customer Statement marked *WM 0005* and attached under **Tab 2**.

**REQUEST NO. 3:**   Please provide a copy of any photographs and / or video recordings you or the Defendant may have of the alleged incident or the area of the premises in which the alleged incident occurred.

**RESPONSE:** Please see Photographs attached under **Tab 4** marked *WM 0325 – WM 0327* and surveillance video attached under **Tab 1** marked *WM 0001*.

**REQUEST NO. 4:**   Please provide a copy of any photographs and /or video recordings of the Plaintiff taken by the Defendant and / or any of the Defendant's representatives.

**RESPONSE:** See response to Request No. 3.

**REQUEST NO. 5:**   Please provide a copy of any and all expert reports which the Defendant intends to use in any fashion is this action.

**RESPONSE:** Defendant has not yet made a determination with respect to experts which it intends to use at the trial of this matter. It will comply with the Rules of Civil Procedure and any applicable Court orders regarding expert disclosure.

**REQUEST NO. 6:**   Please provide a copy of any and all exhibits the Defendant intends to use at trial and / or in the discovery depositions taken in this action.

**RESPONSE:** Defendant has not yet made a determination with respect to exhibits

which it intends to use at the trial of this matter.  It will comply with the Rules of Civil

Procedure and any applicable Court orders regarding disclosure.

Respectfully submitted,

Jennifer Kincaid Adams
Thomas E. Stevens
Blackburn, Domene and Burchett, PLLC
614 West Main Street, Ste. 3000
Louisville, Kentucky  40202
(502) 584-1600
(502) 584-9971 – Fax
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was this the 7th day of April,

2015, mailed to:

Glenn M. Hammond
Glenn M. Hammond Law Offices
685 Hambley Blvd, Suite 3
Pikeville, KY  41501
*Counsel for Plaintiff*

*Counsel for Defendant*

# TAB   1



*WM 0001*

# TAB   2



My Favorites Key Resources Email Directory Logout Search

Home    News    Teamwork    Knowledge Center    Me@Wal-Mart

## Claim # L4106537



- **You must immediately search for and preserve any and all information and evidence related to this incident. Please follow the guidelines on the Evidence Collection Sheet and Document Preservation Directive.**
- **Your form has been sent to the claims division.**
- **Please PRINT THIS FORM for your records before returning to main screen.**

**STORE TYPE**

Store/Location Number : 1505
Base Division Number : 01 - WAL-MART ASSOCIATES - US

**STORE/LOCATION INFORMATION**

Address : 254 CASSIDY BLVD, PIKEVILLE, KY, 41501
Phone : 606 4326177
Manager : MCPEEK
Division Charged :
Section Code :
Accident Related to Store Set-up ? No
Store Set-up type : N/A
Project Store Number : —

**CLAIM TYPE**

Type of Incident : SLIP/FALL/TRIP Claim involving a customer/member that alleges slip, fall, or trip.

**SLIP/FALL INFORMATION**

Type of floor : TILE
Defects ? No
Was surface clean ? No
Description : —
Was surface dry ? No
Description : —
Obstructions ? No
Description : —
If obstruction merchandise, its UPC# : —
Item# : —
Substance : —
Source of substance : —
Amount : —
Condition of substance : —
Customer wearing glasses ? No
Carrying bundles/objects ? No
Pushing cart ? No
Shoe type : —
Weather conditions ? —

**INCIDENT GENERAL INFORMATION**

Date of Incident : 7/3/2014 11:10:00 PM
Date facility notified of incident : 7/3/2014
Incident State : KY
Was medical treatment sought at time of incident or mentioned by the customer/member ? Yes
Incident Location Information
Did incident happen on premises ? Yes
Address where injury occurred : 254 CASSIDY BLVD, PIKEVILLE, KY, 41501
Phone : 606 4326177

*WM 0002*

Thank You

**Witness Information**

**Was there a customer that witnessed the incident ? No**

**Associate with Facts Relating to Incident**

Name : ,

Title : —

**Associate First on Scene**

Name : ,

Title : —

**Associate Who Took the Report**

Name : —, —

Shift : —

Work Phone : —

**Associate Entering Claim into Incident Reporting System**

Name : BARTLEY, VICKIE

Title : ASSISTANT MANAGER

Shift : Third Shift

CLAIMANT # 1

Name : STANLEY, JENNIFER

**What language does claimant speak ? —**

**Associate ? —**

**Did customer continue to shop ? No**

**Was ambulance called ? —**

**Was MD or hospital involved ? —**

**Companion Information**

**Did claimant have a companion ? Yes**

WIRE Knowhow      Site Map      Help      Terms and Conditions

*WM 0003*

# Walmart

## Customer Incident Report

Store: **1505**   Date/Time of Incident: **7/3/14, 11:10**   A.M./**P.M.**

Legal Name: **Jennifer Stanley**

Email Address: _____

Physical Address: **25 Bain Branch Rd  Apt 3**

Mailing Address: **P.O. Box 4326  Pikeville, Ky 41502**

City: **Harold**   State: **Ky**   Zip: **41659**

Date of Birth: _____   SSN*: _____

Contact Phone: **(606) 213 - 0633**   Alt Phone: ( ) _____ - _____

*SSN is required for an insurance claim. If SSN is not provided at this time, please note that you will be required to provide your SSN if a claim is made for medical payment.

Describe in your own words, the events leading up to the incident:

**Didn't see anything Just slip & fell**
**In Juice**

Identify and describe the location of the incident:

**Groc. AA.**

List name, address and phone number of any witness(s) to the incident:

Name of associate the incident was reported to and/or other associates in the area:

**Otis Roue**

Although Wal-Mart Stores, Inc. regrets any accident that may have occurred on its premises, Wal-Mart Stores, Inc. cannot authorize treatment or guarantee payment or reimbursement of any treatment you may obtain. Medical treatment and the submission of an insurance claim is not a guarantee of medical payment and is not an admission that Wal-Mart Stores, Inc. or any of its subsidiaries or affiliates are legally responsible for any accident.

Customer/Member Signature: **Jennifer Stanley**   Date: **7/3/14**

Management Signature: **Vicki Barthy**   Date: **7/3/14**

A copy of this statement will be made available to you upon request.

Revised Sept. 25, 2013

*WM 0004*



**Customer Statement (WMP-73B)**

Store #: _1505_ Date: _7/3/14_ Time: _11:10_ A.M. (P.M.)

Name: _Jennifer Stanley_

Address: _P.O. Box 4326 Pikeville, Ky_

City: _Pikeville_ State: _Ky_ Zip: _41502_

Phone: _(606)213-0633_ SSN: _____

Describe in your own words, the events leading up to the incident: _____

_We don't see anything just slip & fell_
_in some juice_

_____

_____

Identify and describe the location of the incident: _____

_Grdc A.A._

_____

List name, address and phone number of any witness(s) to the incident: _____

_____

_____

Name of associate you reported the incident to: _____

_Otis Rowe_

Customer Signature: _____ Print Name _____ Date _____

Management Signature: _____ Print Name _____ Date _____

*A copy of this statement should be made available to the Customer upon request.*

Wal-Mart Stores, Inc. Confidential

*WM 0005*

# TAB   3

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

JENNIFER STANLEY                                                          PLAINTIFF

v.

WALMART STORES EAST, LP                                            DEFENDANT

## AGREED PROTECTIVE ORDER

The parties having reached an agreement and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the following restrictions and procedures shall apply to all documents, materials, discovery responses, and any other information produced by the parties that are in good faith designated by counsel for that party as confidential (hereinafter "CONFIDENTIAL MATERIALS").

1.     These CONFIDENTIAL MATERIALS produced to counsel for parties of record in this action (which term shall include all attorney and non-attorney personnel, all of whom are subject to the terms of this Order) shall not be disclosed to any person or entity except a designated representative of the parties, a designated technician of the parties, counsel for parties to this litigation who are subject to the terms of this protective order or experts or consultants retained by the parties' counsel for assistance in trial preparation or for testimony in this action. Disclosure shall be made to such persons only as necessary for the prosecution of this lawsuit and trial and only after the person to whom disclosure is to be made has been provided with a copy of this Order, and has agreed in writing to be bound by it.

2.     If filed with the Court as exhibits to pleadings or otherwise, these CONFIDENTIAL MATERIALS shall be filed under seal and with notation of the application of

this Order, and shall not be available for inspection or review without prior specific Court approval.

      3.      Upon termination of this lawsuit, by dismissal, judgment or settlement, counsel for the party to whom confidential materials are produced shall promptly return to the producing party's counsel all CONFIDENTIAL MATERIALS in the possession of counsel for the parties and their consultants and experts, except that documents containing notations or other material which are privileged or constitute work product shall be destroyed.

      4.      The parties are willing voluntarily to furnish these CONFIDENTIAL MATERIALS only pursuant to, and in reliance upon, the terms of this Order, and it accordingly shall not be modified, or otherwise altered except upon order of the Court. Use of these CONFIDENTIAL MATERIALS in discovery, at trial or in any other manner shall not alter the obligations set forth in this Order with regard to such CONFIDENTIAL MATERIALS. This Court shall retain jurisdiction over this Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall survive the termination of this lawsuit.

      5.      This Agreed Protective Order shall take effect and be binding upon the parties once all parties have signed below, regardless of when or if the Court enters the Agreed Protective Order.

 

_____

JUDGE

Date: _____

2

HAVE SEEN AND AGREED TO:


/s/_____
Jennifer Kincaid Adams
Thomas E. Stevens
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY  40202
Phone:  502-584-1600
Fax:  502-584-9771
jadams@bdblawky.com
tstevens@bdblawky.com
*Counsel for Defendant*


/s/_____
Glenn Martin Hammond
Matthew R. Hall
Glenn Hammond Law Office
685 Hambley Boulevard, Suite #3
P.O. Box 1109
Pikeville, KY 41502
*Counsel for Plaintiff*

# TAB   4



WM 0325



WM 0326



*WM 0327*

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION NO. II

ACTION NO. 14-CI-01348

JENNIFER STANLEY                                                                    PLAINTIFF

V.                                              ORDER

WAL-MART STORES EAST, L.P.                                                  DEFENDANT

************

     This cause is assigned for hearing on the 31st day of July, 2015, at the hour of 10:00 a.m. on the Defendant's Motion to Deem Admitted Request No. 1 regarding the amount of damages to be sought at trial, with the Hon. Johnny Ray Harris presiding.

     ENTERED this 10th day of July, 2015.

                                   _____
                                   HON. JOHNNY RAY HARRIS, SPECIAL JUDGE
                                   (sitting in lieu of the regular sitting Judge of
                                   Pike Circuit Court, Division No. II)

CERTIFICATE OF SERVICE

     This is to certify that a true and accurate copy of the foregoing Order was mailed to the parties and/or their attorneys of record, this the 10 day of ___July___, 2015.

                                   ANNA PINSON SPEARS, CLERK
                                   PIKE CIRCUIT COURT

                         BY:   _____
                               D.C.

ENTERED
ANNA PINSON SPEARS
JUL 10 2015
PIKE CIRCUIT/DISTRICT COURT
BY: D.C.

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION NO. II

ACTION NO. 14-CI-01348

JENNIFER STANLEY                                                    PLAINTIFF

V.                                    ORDER

WAL-MART STORES EAST, L.P.                                          DEFENDANT

*************

The Defendant having filed a Motion to Deem as admitted Request No. 1 regarding the amount of damages to be sought at trial & the Plaintiff's Motion for Extension of Time to file a late Response to Request No. 1, and the Hon. Johnny Ray Harris having conducted a hearing on July 31, 2015, with the proceedings recorded on CD No. 35-1-2015-VR-32-A-1, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Defendant's Motion to Deem as admitted Request No. 1 regarding the amount of damages to be sought at trial is DENIED.

2. The Plaintiff's Motion for Extension of Time to file a late Response to Request No. 1 is GRANTED, and the Plaintiff shall have twenty (20) days from today's date to file a Response to Request No. 1.

ENTERED this _31_ day of July, 2015.

_____
HON. JOHNNY RAY HARRIS, SPECIAL JUDGE
(sitting in lieu of the regular sitting Judge of
Pike Circuit Court, Division No. II)

CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Order was this day mailed to the parties and/or their attorneys of record, this the _3_ day of _August_, 2015.

ANNA PINSON SPEARS, CLERK
PIKE CIRCUIT COURT

BY: _O. Thacker_
D.C.

ENTERED
ANNA PINSON SPEARS
AUG 03 2015
PIKE CIRCUIT/DISTRICT COURT
BY:                          D.C.



COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

FILED
ANNA PINSON SPEARS
JUL 06 2015
PIKE CIRCUIT DISTRICT COURT
BY: _____ D.C.

JENNIFER STANLEY                                                    **PLAINTIFF**

v.                              

WALMART STORES EAST, LP                                          **DEFENDANT**

### DEFENDANT'S MOTION TO DEEM ADMITTED
### WALMART'S REQUEST FOR ADMISSION

\* \* \* \* \* \* \*

Defendant, Wal-Mart Stores East, LP ("Walmart"), by counsel, respectfully requests that

the Court enter an Order deeming admitted Walmart's Request for Admission, propounded upon

Plaintiff on March 2, 2015.  In support of it Motion, Walmart states as follows:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about July 3, 2014, Plaintiff claims that she slipped while walking in Walmart

Store #1505, 254 Cassidy Blvd., Pikeville Kentucky.[1]  As a result of this alleged incident,

Plaintiff filed a cause of action against Walmart. Walmart propounded its First Set of

Interrogatories and Request for Production of Documents upon Plaintiff on January 6, 2015.[2]

Interrogatory No. 16 requested an itemization of Plaintiff's damages. Plaintiff responded that the

amount of damages was undetermined.[3]  Due to the ambiguity of Plaintiff's discovery response,

Walmart propounded a Request for Admission upon Plaintiff on March 2, 2015, asking if she

planned to seek damages in excess of $75,000.00, exclusive of interest and costs, at the trial of

---

[1] Plaintiff's Response to Defendant's First Set of Interrogatories, Interrogatory No. 4.  Attached as **Exhibit 1**.
[2] Defendant's First Set of Interrogatories and Request for Production of Documents.  Attached as **Exhibit 2**.
[3] *See* Exhibit 1.

this matter.[4] Plaintiff did not respond within the thirty day response deadline established by CR 36.01(2).

Following Plaintiff's failure to respond within the permissible time period, Walmart sent Plaintiff's counsel a letter indicating that under the Civil Rules, the Request for Admission was deemed admitted.[5] Two weeks after that letter was sent to Plaintiff's counsel, Plaintiff responded to Walmart's Request for Admission, stating she could not admit or deny the matter.[6]

## ARGUMENT

Civil Rule 36 sets forth the rules regarding requests for admission. CR 36.01(2) indicates that all requests are deemed admitted unless, within thirty days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressing the matter. Manus, Inc. v. Terry Maxedon Hauling, Inc., 191 S.W.3d 4, 8 (Ky.App. 2006); Commonwealth of Ky. Dept. of Highways v. Compton, 387 S.W.2d 314 (Ky. 1964). Plaintiff's response to Walmart's Request for Admission was untimely. Plaintiff made no motion requesting leave to submit an overdue discovery response; this Court entered no Order allowing the submission of an overdue discovery response; and Plaintiff made no timely objection to Walmart's Request for Admission. Walmart requests that this Court enter an Order deeming admitted Walmart's Request for Admission, as CR 36.01 dictates, and precluding Plaintiff from seeking more than $75,000.00, exclusive of interest and costs, at the trial of this matter.

WHEREFORE, Walmart respectfully requests that the Court enter an Order granting its Motion to Deem Admitted Walmart's Request for Admission.

---

[4] Defendant's Request for Admission. Attached as **Exhibit 3**.
[5] Letter to Plaintiff's Counsel sent April 14, 2015. Attached as **Exhibit 4**.
[6] Plaintiff's Response to Defendant's Request for Admission. Attached as **Exhibit 5**.

2

Respectfully submitted,

Jennifer Kincaid Adams
Thomas E. Stevens
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY 40202
Phone: 502-584-1600
Fax: 502-584-9771
jadams@bdblawky.com
tstevens@bdblawky.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to the following

via regular U.S. Mail, postage pre-paid, on this the 2nd day of July, 2015:

Glenn Martin Hammond
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY 41502
*Counsel for Plaintiff*

*Counsel for Defendant*

3

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

JENNIFER STANLEY                                              PLAINTIFF

v.

WALMART STORES EAST, LP                                      DEFENDANT

## ORDER

* * * * * * *

Upon the motion of the Defendant, Walmart Stores East, LP, by counsel, and the Court having heard arguments of the parties and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Walmart's Request for Admission is deemed admitted. Plaintiff is barred from seeking any damages in excess of $75,000.00, exclusive of interest and costs, at the trial of this matter.

_____
                                                                    Judge

_____
                                                                    Date

Distribution:

Glenn Martin Hammond          [   ]
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY  41502

Jennifer Kincaid Adams          [   ]
Thomas E. Stevens
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY  40202

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

JENNIFER STANLEY                                                    PLAINTIFF

v.

WALMART STORES EAST, LP                                            DEFENDANT

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DEEM
ADMITTED WALMART'S REQUEST FOR ADMISSION AND RESPONSE TO
PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND
MOTION TO WITHDRAW AND/OR AMEND ADMISSION**

\* \* \* \* \* \* \*

Defendant, Wal-Mart Store East, LP ("Walmart"), by counsel, for its Reply in Support of
Motion to Deem Admitted Walmart's Request for Admission and Response to Plaintiff's Motion
for Extension of Time and Motion to Withdraw and/or Amend Admission, hereby states as
follows:

**I.     Defendant's Motion to Deem Admitted Walmart's Request for Admission
         Should be Granted**

Walmart's Request for Admission was deemed admitted when Plaintiff failed to timely
respond to it. Tellingly, Plaintiff's counsel does not argue that his office did not receive
Walmart's Request for Admission when it was propounded on March 2, 2015. Instead, Plaintiff's
counsel argues that he was "not aware" of the Request for Admission until after he received
undersigned counsel's correspondence of April 14, 2015 (which apprised him that the request
was deemed admitted). Respectfully, an attorney's lack of awareness concerning pleadings
received by his office is not appropriate grounds for circumvention of the Civil Rules, which
expressly state:

> [t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . .[1]

In this case, Plaintiff failed to respond to Walmart's Request for Admission within thirty days and failed to petition the Court for additional time to respond within the applicable deadline. Therefore, Walmart's Request for Admission should be deemed admitted[2] and Plaintiff should be precluded from seeking damages in excess of $75,000.00 at the trial of this matter.

Walmart's Motion should also be granted because Plaintiff has *still not* provided a responsive answer to Walmart's Request for Admission. Walmart's Request for Admission presented a clear and straightforward inquiry: "[p]lease admit that you will not seek damages in excess of $75,000.00, exclusive of interest and costs, at the trial of this matter." Plaintiff's purported Response, received sixty (60) days after the Request for Admission was originally propounded, is evasive, non-responsive, and improper under the Civil Rules. Plaintiff's purported Response states:

> [t]his case is in its infancy and at this point in time, the Plaintiff is not certain as to the amount of damages she will seek, save for her certainty the amount she seeks is in excess of the jurisdictional minimum for the Pike Circuit Court. As such, following reasonable inquiry and based upon the information known or readily obtainable to her, the Plaintiff cannot truthfully admit or deny the matter.[3]

Putting aside the fact this case is no longer in its infancy (Plaintiff filed her Complaint over seven months ago), the real problem with Plaintiff's purported Response is that she refuses to admit or deny a simple statement about the damages she is seeking in this case.

---

[1] CR 36.01(2).
[2] *See* Manus, Inc. v. Terry Maxedon Hauling, Inc., 191 S.W.3d 4, 8 (Ky.App. 2006); *See also* Commonwealth of Ky. Dept. of Highways v. Compton, 387 S.W.2d 314 (Ky. 1964).
[3] Plaintiff's Response to Walmart's Request for Admission.

Under Kentucky law, a party's failure to "respond properly under CR 36.01" may also constitute an admission.[4] If the party fails to: (1) deny the Request for Admission, (2) detail the reasons why they cannot truthfully admit or deny the Request for Admission, or (3) object to the admission, the party's failure to respond properly is deemed an admission.[5] In this case, Plaintiff failed to: (1) deny the Request for Admission, (2) detail the reasons why she cannot truthfully admit or deny the Request for Admission, or (3) object to the Request for Admission. Plaintiff's questionable excuse for her non-response (that this case is still in its infancy) provides no reason for why she cannot yet calculate or estimate her alleged damages. Therefore, Plaintiff's purported Response to Request for Admission is not a proper response and Walmart's Request for Admission should be deemed admitted.

## II.   Plaintiff's Motion for Extension of Time and Motion to Withdraw and/or Amend the Admission Should be Denied

Walmart will be unduly prejudiced if the Court grants Plaintiff's Motion and accepts Plaintiff's late-tendered Response to Request for Admission as valid. As discussed above, Plaintiff's purported Response to Request for Admission is improper and non-responsive. Plaintiff has refused to properly respond to a clear and direct inquiry about her alleged damages. The effect (if not the purpose) of Plaintiff's refusal to properly respond is to obstruct Walmart's right of removal to federal court. Under Federal Rule of Civil Procedure 28 U.S.C. § 1332(a)(1), a non-diverse defendant (such as Walmart) has a right to remove a matter to federal court where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. A case may not be removed via diversity jurisdiction more than one year after the commencement of an action.[6] Plaintiff's non-responsive and late-tendered Response to Request for Admission, if accepted by

---

[4] Commonwealth v. Rice, 415 S.W.2d 618, 619-20 (Ky. 1966).
[5] Id.
[6] 28 U.S.C. § 1446(c)(1).

3

this Court, has the effect of preventing removal, while permitting Plaintiff to wait out the clock on Walmart's removal deadline and then itemize damages exceeding $75,000.00.

Plaintiff is not permitted to stonewall Walmart's requests for information about her alleged damages, wait for 28 U.S.C. 1446(c)(1)'s one year removal deadline to expire, and then supplement her discovery answers to itemize damages in excess of $75,000.00. The U.S. Supreme Court has expressly stated that courts "should not sanction devices intended to prevent a removal to a Federal court where one has the right, and should be equally vigilant to protect to right to proceed in Federal court . . . ."[7] The removal process was created to protect defendants and Congress "did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it."[8] Accordingly, Plaintiff cannot sit on the fence concerning her alleged damages. She must either admit that she seeks more than $75,000.00 or admit that she does not seek more than $75,000.00. Any other result would be unfairly prejudicial to Walmart and would improperly impede its right of removal in this action. Therefore, Plaintiff's Motions, which would permit Plaintiff's evasive, non-responsive, and late-tendered Response to Request for Admission to stand, should be rejected by this Court.

WHEREFORE, Walmart respectfully requests that the Court enter an Order granting its Motion to Deem Admitted Walmart's Request for Admission.

---

[7] Wecker v. National Enameling & Stamping Company, 204 U.S. 176, 185-86 (1907).
[8] See McKinney v. Board of Trustees of Maryland Community College, 955 F.2d 924, 928 (4th Cir. 1992); see also Legg v. Wyeth, 428 F.3d 1317, 1325 (11th Cir. 2005).

Respectfully submitted,

Jennifer Kincaid Adams
Thomas E. Stevens
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY 40202
Phone: 502-584-1600
Fax: 502-584-9771
jadams@bdblawky.com
tstevens@bdblawky.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to the following

via regular U.S. Mail, postage pre-paid, on this the 28th day of July, 2015:

Glenn Martin Hammond
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY 41502
*Counsel for Plaintiff*

*Counsel for Defendant*

5

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

JENNIFER STANLEY                                              PLAINTIFF

v.

WALMART STORES EAST, LP                                      DEFENDANT

## ORDER

\* \* \* \* \* \* \*

Upon the motion of the Defendant, Walmart Stores East, LP, by counsel, and the Court having heard arguments of the parties and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Walmart's Request for Admission is deemed admitted. Plaintiff is barred from seeking any damages in excess of $75,000.00, exclusive of interest and costs, at the trial of this matter.

_____
Judge

_____
Date

Distribution:

Glenn Martin Hammond        [ ]
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY 41502

Jennifer Kincaid Adams        [ ]
Thomas E. Stevens
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY 40202

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

FILED
ANNA PINSON SPEARS
JUL 30 2015
PIKE CIRCUIT/DISTRICT COURT
BY:                              D.C.

JENNIFER STANLEY                                                    PLAINTIFF



v.

WALMART STORES EAST, LP                                          DEFENDANT

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED WALMART'S REQUEST FOR ADMISSION AND RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION TO WITHDRAW AND/OR AMEND ADMISSION

\* \* \* \* \* \* \*

Defendant, Wal-Mart Store East, LP ("Walmart"), by counsel, for its Reply in Support of Motion to Deem Admitted Walmart's Request for Admission and Response to Plaintiff's Motion for Extension of Time and Motion to Withdraw and/or Amend Admission, hereby states as follows:

**I.   Defendant's Motion to Deem Admitted Walmart's Request for Admission Should be Granted**

Walmart's Request for Admission was deemed admitted when Plaintiff failed to timely respond to it. Tellingly, Plaintiff's counsel does not argue that his office did not receive Walmart's Request for Admission when it was propounded on March 2, 2015. Instead, Plaintiff's counsel argues that he was "not aware" of the Request for Admission until after he received undersigned counsel's correspondence of April 14, 2015 (which apprised him that the request was deemed admitted). Respectfully, an attorney's lack of awareness concerning pleadings received by his office is not appropriate grounds for circumvention of the Civil Rules, which expressly state:

> [t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . .[1]

In this case, Plaintiff failed to respond to Walmart's Request for Admission within thirty days and failed to petition the Court for additional time to respond within the applicable deadline. Therefore, Walmart's Request for Admission should be deemed admitted[2] and Plaintiff should be precluded from seeking damages in excess of $75,000.00 at the trial of this matter.

Walmart's Motion should also be granted because Plaintiff has *still not* provided a responsive answer to Walmart's Request for Admission. Walmart's Request for Admission presented a clear and straightforward inquiry: "[p]lease admit that you will not seek damages in excess of $75,000.00, exclusive of interest and costs, at the trial of this matter." Plaintiff's purported Response, received sixty (60) days after the Request for Admission was originally propounded, is evasive, non-responsive, and improper under the Civil Rules. Plaintiff's purported Response states:

> [t]his case is in its infancy and at this point in time, the Plaintiff is not certain as to the amount of damages she will seek, save for her certainty the amount she seeks is in excess of the jurisdictional minimum for the Pike Circuit Court. As such, following reasonable inquiry and based upon the information known or readily obtainable to her, the Plaintiff cannot truthfully admit or deny the matter.[3]

Putting aside the fact this case is no longer in its infancy (Plaintiff filed her Complaint over seven months ago), the real problem with Plaintiff's purported Response is that she refuses to admit or deny a simple statement about the damages she is seeking in this case.

---

[1] CR 36.01(2).
[2] *See* Manus, Inc. v. Terry Maxedon Hauling, Inc., 191 S.W.3d 4, 8 (Ky.App. 2006); *See also* Commonwealth of Ky. Dept. of Highways v. Compton, 387 S.W.2d 314 (Ky. 1964).
[3] Plaintiff's Response to Walmart's Request for Admission.

2

Under Kentucky law, a party's failure to "respond properly under CR 36.01" may also constitute an admission.[4] If the party fails to: (1) deny the Request for Admission, (2) detail the reasons why they cannot truthfully admit or deny the Request for Admission, or (3) object to the admission, the party's failure to respond properly is deemed an admission.[5] In this case, Plaintiff failed to: (1) deny the Request for Admission, (2) detail the reasons why she cannot truthfully admit or deny the Request for Admission, or (3) object to the Request for Admission. Plaintiff's questionable excuse for her non-response (that this case is still in its infancy) provides no reason for why she cannot yet calculate or estimate her alleged damages. Therefore, Plaintiff's purported Response to Request for Admission is not a proper response and Walmart's Request for Admission should be deemed admitted.

II.   **Plaintiff's Motion for Extension of Time and Motion to Withdraw and/or Amend the Admission Should be Denied**

Walmart will be unduly prejudiced if the Court grants Plaintiff's Motion and accepts Plaintiff's late-tendered Response to Request for Admission as valid. As discussed above, Plaintiff's purported Response to Request for Admission is improper and non-responsive. Plaintiff has refused to properly respond to a clear and direct inquiry about her alleged damages. The effect (if not the purpose) of Plaintiff's refusal to properly respond is to obstruct Walmart's right of removal to federal court. Under Federal Rule of Civil Procedure 28 U.S.C. § 1332(a)(1), a non-diverse defendant (such as Walmart) has a right to remove a matter to federal court where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. A case may not be removed via diversity jurisdiction more than one year after the commencement of an action.[6] Plaintiff's non-responsive and late-tendered Response to Request for Admission, if accepted by

---

[4] Commonwealth v. Rice, 415 S.W.2d 618, 619-20 (Ky. 1966).
[5] Id.
[6] 28 U.S.C. § 1446(c)(1).

this Court, has the effect of preventing removal, while permitting Plaintiff to wait out the clock on Walmart's removal deadline and then itemize damages exceeding $75,000.00.

Plaintiff is not permitted to stonewall Walmart's requests for information about her alleged damages, wait for 28 U.S.C. 1446(c)(1)'s one year removal deadline to expire, and then supplement her discovery answers to itemize damages in excess of $75,000.00. The U.S. Supreme Court has expressly stated that courts "should not sanction devices intended to prevent a removal to a Federal court where one has the right, and should be equally vigilant to protect to right to proceed in Federal court . . . ."[7] The removal process was created to protect defendants and Congress "did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it."[8] Accordingly, Plaintiff cannot sit on the fence concerning her alleged damages. She must either admit that she seeks more than $75,000.00 or admit that she does not seek more than $75,000.00. Any other result would be unfairly prejudicial to Walmart and would improperly impede its right of removal in this action. Therefore, Plaintiff's Motions, which would permit Plaintiff's evasive, non-responsive, and late-tendered Response to Request for Admission to stand, should be rejected by this Court.

WHEREFORE, Walmart respectfully requests that the Court enter an Order granting its Motion to Deem Admitted Walmart's Request for Admission.

---

[7] Wecker v. National Enameling & Stamping Company, 204 U.S. 176, 185-86 (1907).
[8] *See* McKinney v. Board of Trustees of Maryland Community College, 955 F.2d 924, 928 (4th Cir. 1992); *see also* Legg v. Wyeth, 428 F.3d 1317, 1325 (11th Cir. 2005).

Respectfully submitted,

Jennifer Kincaid Adams
Thomas E. Stevens
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY 40202
Phone: 502-584-1600
Fax: 502-584-9771
jadams@bdblawky.com
tstevens@bdblawky.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was sent to the following

via regular U.S. Mail, postage pre-paid, on this the 28th day of July, 2015:

Glenn Martin Hammond
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY 41502
*Counsel for Plaintiff*

*Counsel for Defendant*

5



COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION II
CIVIL ACTION NO. 14-CI-01348

JENNIFER STANLEY                                                    PLAINTIFF

v.

WALMART STORES EAST, LP                                      DEFENDANT

### ORDER

\* \* \* \* \* \* \*

Upon the motion of the Defendant, Walmart Stores East, LP, by counsel, and the Court

having heard arguments of the parties and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Walmart's Request for Admission is deemed admitted.

Plaintiff is barred from seeking any damages in excess of $75,000.00, exclusive of interest and

costs, at the trial of this matter.

_____
                                                                            Judge

_____
                                                                             Date

Distribution:

Glenn Martin Hammond        [  ]
Matthew R. Hall
Glenn Martin Hammond Law Office
685 Hambley Boulevard, Suite Three
P.O. Box 1109
Pikeville, KY 41502

Jennifer Kincaid Adams        [  ]
Thomas E. Stevens
Blackburn Domene & Burchett
614 W. Main Street, #3000
Louisville, KY 40202